PorteR, J.
delivered the opinion of the court. The petitioner ave.rs, that he made advances for the outfit of the brig Two Cathe- *603 mies ; that for his reimbursement, Francois Ducoing, then the owner of the said brig, assigned and transferred to him, the freight to be earned on a voyage which she was about to make from New-Orleans to the port of Havre de Grace, in France; and that said Ducoing caused said freight to be insured at the office of the New-Orleans Insurance Company, to the amount of one thousand dollars, and duly assigned to him the policy.
East’n District.
May, 1822.
He further avers, that the said brig did sail on the voyage mentioned in the policy of insurance, and that the freight to be earned was totally lost by one of the perils insured against, viz. by the barratry of the master and mariners.
The defendants pleaded the general issue. There was judgment against them, and they appealed.
Among other facts agreed upon between the parties, it is material to state those which follow:—
The vessel was cleared at the customhouse on the 11th October, 1817, by John Ducoing, the brother of the insured captain. The insurance was executed the same day. Fran§oi« *604 Ducoing, the owner, on 13th of that month,* transferred and set over all his right, title and interest, in the brig Two Catherines, to one Raymond Espagnol, and on the same day assigned his interest in the policy to the plaintiff.
The vessel sailed with Raymond Espagnol, who continued on board during the whole voyage, on which the barratry is charged to have been committed. Her loss, together with that of the cargo and freight, was occasioned by the fraud of the captain and crew running away with, and disposing of brig and cargo, in fraud of the shippers and owners.
The question presented is, whether on the admission just stated, that the loss was occasioned by the fraud of the captain and mariners running away with the vessel, the circumstance of the owner being on board, does not so change the offence as to preclude us from considering it an act of barratry ?
Barratry is defined by Marshal, an act committed by the master or mariners, for an un *605 lawful and fraudulent purpose, contrary to J * their duty to the owners, and whereby the owners sustain an injury. 2 Marshal, 515.
The chief justice of Pennsylvania, in a very able opinion, after reviewing all the cases on the subject, states it to be any trick, cheat, or fraud practised by the captain, to the prejudice of the owners — any crime committed to their prejudice by the captain. 2 Marshal, 534, in notis.
There is danger in trusting to general definitions, because there is great difficulty in compressing into a single sentence, or explaining by a few words, the various circumstances which constitute an offence, or confer a right, or in designating exactly before hand, what cases come within the general rules established for the administration of justice. It is possible therefore, that neither, or both those quoted, convey accurately the idea attached to the word barratry; but on one point there is no doubt; if the act complained of, was committed with the consent of the owner, it cannot be considered as constituting that offence.
That consent, it has been argued, is proved here, because the owner was on board. This *606 does not appear to us, by any means, so ne- . . cessary an inference, as to deprive the plaintiff of that right to recover, which the other facts in the case clearly establish. In examining cases of this description, we must always keep in mind, that when proof is once given of any act which amounts to barratry, the onus of establishing every fact that goes to excuse it, is thrown on the insurer. 2 Marshal, 531. The evidence which discharges, must at least be as strong as that which creates the liability. Here the circumstances that make out a case of barratry, are fully admitted, and the consent of the owner, which is to do away the effect of these circumstances, is left to be inferred: or at best, is proved by nothing more than presumptive evidence— this is not sufficient. A deviation, amounting to barratry, might frequently be committed during a voyage, without the knowlege of the owner, though on board, if he did not possess nautical skill; and it is quite possible that the master and mariners, may have run-away with the ship against his wish. Such cases we know have happened, and we do not know this is not one of the same kind
Grymes for the plaintiff, Workman for the defendants.
It is therefore ordered, adjudged and creed, that the judgment of the parish court he affirmed with costs.

 This is the date of the assignment according to the agreed case — the indorsement on the policy is of the following day: the 14th